IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY J. MARTINEZ

    Plaintiff,

v.                                                              No. 1:16-CV-00263-MCA-SCY

JASON C. BROWN, individually
and in his official capacity with the
Albuquerque Police Department;
CITY OF ALBUQUERQUE,
a municipal entity organized under
the laws of the STATE OF NEW MEXICO,
and its Subsidiary, the ALBUQUERQUE
POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Plaintiff's Rule 56(d) Response to Defendants' Motion for Summary Judgment Based on Qualified Immunity*, filed September 26, 2016.  [Doc. 45]

Defendants filed a *Motion [for] Summary Judgment Based on Qualified Immunity*, which is presently pending before the Court.  [Doc. 37]   Discovery has been stayed pending its resolution.  [Doc. 53]  In the *Rule 56(d) Response* presently before the Court, Plaintiff argues that without discovery he "cannot present facts essential to justify his opposition" to Defendants' *Motion*.  [Doc. 45 p. 1]  On this basis, Plaintiff seeks relief pursuant to Fed. R. Civ. P. 56(d), which permits a nonmoving party in a summary judgment action to discover information that is vital in opposing a motion for summary judgment.

1

**DISCUSSION**

Rule 56(d) pertains to circumstances in which, owing to the unavailability of essential facts, a nonmovant is unable to effectively oppose a motion for summary judgment. It provides that

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Normally, a Rule 56(d) request is treated liberally. *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990). However, where, as here, the summary judgment motion is grounded in the defense of qualified immunity, the Court's otherwise broad discretion under Rule 56(d) is circumscribed by the nature of that defense. *Lewis*, 903 F.2d at 758. *See Martin v. Cty. of Santa Fe*, 626 Fed.Appx. 736, 740 (10th Cir. 2015) ("Because the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved *prior to discovery*, there is a strong policy justification for staying discovery and for refusing requests for additional discovery once a defendant invokes qualified immunity as a defense." (citation omitted)). The burden is on the nonmovant to show that the additional discovery is necessary. *Martin*, 626 Fed. Appx. at 740.

Our Tenth Circuit has described the nonmovant's burden under Rule 56(d) as follows:

> A prerequisite to granting relief pursuant to [Rule 56(d)] is an affidavit furnished by the nonmovant. Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit the nonmovant also must explain how additional time will enable them to rebut movant's allegations of no genuine issues of fact.

*Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). Additionally, the nonmovant is required to explain what facts he wants to discover, why he has not yet discovered them, and how additional time would help him to rebut the movant's allegations. *Id.* at 784. Plaintiff has failed to carry this burden.

In his *Rule 56(d) Response*, Plaintiff contends that in order to effectively respond to Defendants' *Motion*, "at a minimum" he requires: (1) the deposition of the ambulance driver and EMT personnel who were present at the scene of the crash; (2) the deposition of the "appropriate person from the company that installed and/or maintained the ignition interlock in . . . Plaintiff's car"; (3) the depositions of two police officers; (4) the deposition "of any witness identified by the City who is or may be responsible for training" any of the three police officers that participated in the investigation that led to Plaintiff's incarceration; (5) the deposition of any witness who may be responsible for the promulgation and/or implementation of policies and procedures regarding probable cause determination in DWI arrests and drug recognition; (6) responses to requests for production; (7) responses to requests for admission; and (8) responses to interrogatories. [Doc. 45

¶¶ 1-8]   In sum, through his *Rule 56(d) Response*, Plaintiff seeks virtually full discovery.

While Plaintiff has furnished an *Affidavit of the Plaintiff in Support of his Response to Defendants' Motion for Summary Judgment Based on Qualified Immunity*, the *Affidavit* does not satisfy the standards set by our Tenth Circuit. The *Affidavit* contains only two statements that reasonably correspond to the requested discovery.[1]   One is Plaintiff's statement that: "Although EMTs were called to the scene, the APD officers sent them away and did not give them an opportunity to offer me medical assistance or to examine me.  I believe that if they had been allowed to do so, they would have learned that a seizure had caused me to crash and to perform poorly on the field sobriety test." [Doc. 45-1 ¶ 4]   The other is Plaintiff's statement that: "I used the interlock installed in my car vehicle (*sic*) to start it before the crash.  It may have been dislodged and/or damaged by the collision and was lying on the floor of the car when I regained consciousness." [Doc. 45-1 ¶ 6]   The Court understands these statements to pertain to the prospective witness testimony of the EMT personnel and the ignition interlock employee.

The A*ffidavit* does not explain what steps Plaintiff took to contact or interview these individuals, or why additional time is necessary.  *See Price*, 232 F.3d at 783-84.  Plaintiff's failure to address these factors is particularly curious

---

[1] Additional statements in the *Affidavit* comprise Plaintiff's own recollection of the events.

because there is no indication that exclusive access to these prospective witnesses is within Defendants' control. *See id.* at 784 (recognizing that opposing party's "exclusive control of desired information is a factor favoring relief under" Rule 56(d)). Furthermore, neither the *Affidavit* nor the *Rule 56(d) Response* explains how the discovery, which appears to seek speculative and hypothetical opinions from the prospective witnesses, would enable Plaintiff to rebut Defendants' presentation of undisputed facts such that a "genuine issue" would arise. *Id.* at 784; *Martin*, 626 Fed.Appx. at 741 (affirming the district court's denial of a request for additional discovery where the plaintiff failed to demonstrate how additional discovery would have raised a genuine fact issue as to the defendant's qualified immunity defense).

In sum, Plaintiff's *Rule 56(d) Response* does not satisfy the requirements applicable to a request for additional discovery under Rule 56(d) set forth by our Tenth Circuit. Accordingly, Plaintiff's request for discovery shall be denied.

**CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's request for additional discovery pursuant to Fed. R. Civ. P. 56(d) is **DENIED**.

**SO ORDERED** this 21st day of March, 2017 in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**Chief United States District Judge**